UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BEST MARITIME LTD.,

                 Plaintiff,              08 Civ. 7793 (RMB)

    - against -

                               **ORDER**

SAFE SHIPPING AND ENTERPRISES LIMITED,
SHANGHAI a/k/a SHANGHAI SAFE SHIPPING
ENTERPRISE LTD. or SAFE SHIPPING &
ENTERPRISE LTD., and SAFE SHIPPING
CO. LTD.,

                 Defendants.
------------------------------------------------------------x

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/29/09]

      On or about September 5, 2008, Best Maritime, Ltd. ("Plaintiff") filed a Verified Complaint ("Complaint") against Safe Shipping and Enterprises Ltd., Shanghai a/k/a Shanghai Safe Shipping & Enterprise Ltd. or Safe Shipping & Enterprise Ltd., and Safe Shipping Agency Co. Ltd. ("Defendants"), alleging, among other things, that "Plaintiff is entitled to indemnity from [Defendants] in respect of the claims/damages asserted against it by [non-party] Win Glory, for which [Defendants are] wholly or substantially liable under the provisions of the charter party." (Compl., dated Sept. 5, 2008, ¶ 18.) Plaintiff advised the Court that it had "provided security to Win Glory for its claim by virtue of a corporate guarantee in the amount of $80,000, for which [Defendants are] liable under the charter party." (Compl. ¶ 16.)

      On September 8, 2008, the Court ordered that process of maritime attachment and garnishment be issued against Defendants pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") in the amount of $151,459.34, (see Ex Parte Order for Process of Maritime Attachment and Garnishment, dated Sept. 8, 2008 ("Attachment Order"), at 2), but on December 9, 2008, the Court directed Plaintiff to provide authority for securing and/or maintaining an attachment based not upon a breach of the charter party, but solely upon a claim for indemnification contingent on

the result(s) of a foreign litigation. On December 23, 2008, Plaintiff submitted a letter arguing, among other things, that "although its claim has not yet been adjudicated, Plaintiff has posted security to Win Glory to secure Win Glory's claim against it and it is entitled to secure its claim against Defendant for indemnity." (Ltr. from Nancy R. Siegel to the Honorable Richard M. Berman, dated Dec. 23, 2008 ("December 23 Letter"), at 4.)  In the December 23 Letter, Plaintiff also indicated that it has restrained approximately $25,397.25 of Defendants' funds. (Dec. 23 Ltr. at 4.)

Having reviewed the Complaint, the Attachment Order, the December 23 Letter, applicable law, and the record herein, the Court hereby vacates the Attachment Order. See Aosta Shipping Co. Ltd. v. OSL Steamship Corp., No. 08 Civ. 7649, 2009 U.S. Dist. LEXIS 5139, at *6 (S.D.N.Y. Jan. 26, 2009). The posting of security in these circumstances is not a compromise or settlement of a claim, and, without more, does not ripen a claim for indemnification. Aosta Shipping, 2009 U.S. Dist. LEXIS 5139, at *6; see also Greenwich Marine Inc. v. S.S. Alexandra, 339 F.2d 901, 905 (2d Cir. 1965) ("district court properly held that [Plaintiff's indemnity] claim was premature"); Sanko Steamship Co. Ltd. v. China Nat'l Chartering Corp., 536 F. Supp. 2d 362, 367 (S.D.N.Y. 2008) ("an indemnity claim is not ripe until the underlying cargo claim has been paid"); Precious Pearls, Ltd. v. Tiger Int'l Line Pte, Ltd., No. 07 Civ. 8325, 2008 U.S. Dist. LEXIS 58453, at *6 (S.D.N.Y. July 31, 2008); Bottiglieri Di Na Vigazione SPA v. Tradeline, LLC, 472 F. Supp. 2d 588, 591 (S.D.N.Y. 2007), aff'd, 293 Fed. Appx. 36 (2d. Cir. Sept. 17, 2008).

**Order**

For the reasons stated above, the Attachment Order [#3] is hereby vacated. The Clerk of the Court is hereby directed to close this case.

Dated: New York, New York
       January 29, 2009



_____
**RICHARD M. BERMAN, U.S.D.J.**